**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HESHAM ISMAIL | CIVIL ACTION |
| v. | |
| IHI POWER SERVICES CORP, MICHAEL PETTICORD, FRANCIS MCMENAMIN, KYLE ADLER, AND STEVE GROSS | NO. 2:20-CV-04801-AB |

### **DEFENDANTS' PRETRIAL MEMORANDUM**

Defendants by and through their undersigned counsel, respectfully submit its Pretrial Memorandum as follows:

### I. BRIEF STATEMENT FACTS, NATURE OF THE ACTION & BASIS FOR JURISDICTION

Hesham Ismail is an engineer who began his employment at Defendant IPSC on December 14, 2018 at the Fairless Power Station in Falls Township, PA. Complaint, ECF Document 1 at ¶18. He was terminated from employment on February 21, 2019. Complaint, ECF Document 1 at ¶39. Plaintiff worked for IPSC for about 10 weeks.

Prior to IPSC taking over management of the Fairless Power Station, it was owned and operated by Dominion Energy, Inc. Plaintiff was hired by Dominion Energy, Inc. in October of 2015. Compl. Doc. 1 ¶16. In the three-plus years that Plaintiff worked for Dominion, he worked closely with Defendant Michael Petticord and somewhat closely with Defendant Francis McMenamin. At no point did he complain that either Defendant displayed any animus to him due to his race, religion, national origin or ethnicity. Plaintiff filed a Title VII case against Dominion Energy in this court alleging discrimination and a hostile work environment due to Plaintiff's religion, race and national origin, *Ismail v. Dominion Energy, Inc.*, 2:19-CV-01093. In that case Plaintiff makes no allegations of discrimination or harassment by Defendant Petticord or Defendant McMenamin. It defies logic that these two men, who are alleged to be the primary wrongdoers in the instant case, would have developed discriminatory animus toward Plaintiff in the 10 weeks they worked for IPSC when they had never exhibited any such animus in the prior three years. However, a former co-worker who

had shared an office with Plaintiff, Joseph Emde, the National Energy Regulatory Committee Compliance Officer at Dominion, explained that Plaintiff' told him his strategy is to push the buttons of his supervisor to make them mad enough to yell so that he can build a discrimination case.  January 31, 2019 email from Joseph Emde to Michael Petticord.  Mr. Emde never worked for IPSC.  He sent the unsolicited email after he left Dominion.

Plaintiff has executed this strategy with his last four employers, the last one being IPSC. [*see*, *Ismail v. McDermott International*, 3:19-CV-01305, (M.D. Pa., Honorable Malachy E. Mannion); *Ismail v. DS Smith*, 5:18-CV-02881 (E.D. Pa., Honorable Jeffrey L. Schmehl); *Ismail v. Dominion Energy Company*, supra, 2:19-CV-01093, (Honorable John M. Younge)].  In the 10 weeks Plaintiff worked for Defendant IPSC, plaintiff deployed his strategy and became insubordinate and refused to do routine job assignments that he had done for years at the same Fairless Power Station when it was operated by Dominion Energy.  Leonard Trush, an IPSC employee not accused of harassment or discrimination, filed a Human Resources complaint concerning Plaintiff's insubordination and concern for his own safety due to Plaintiff's erratic behavior.  When Plaintiff's insubordination and his erratic behavior escalated and after Plaintiff demonstrated that he had no intention on modifying his behavior, IPSC determined Mr. Ismail would be terminated.  Michael Petticord and Francis McMenamin had no power to make that decision and had no role in making that decision.  Plaintiff has not been replaced.  IPSC rarely has more than one engineer at any location and frequently has no engineer at a location.  This plant had two engineers at the time of Mr. Ismail's termination.  Samantha Goodwill was the other engineer who did not replace Mr.Ismail.  She had previously worked for Dominion as had Plaintiff.

Plaintiff was not subjected to a hostile work environment, discrimination or retaliation based on his religion, national origin, ethnicity or race.

## II. DEFENDANTS LIST OF MONETARY DAMAGES CLAIMED

Plaintiff obtained alternate employment within 6 months of his termination at the same annual salary of one hundred thousand dollars, ($100,000). Although he claims the benefits were not as substantial at the new position, no evidence quantifying those benefit differences has been produced.

## III. WITNESSES TO BE CALLED AT TRIAL

1. All four named Defendants.
2. Samantha Goodwill.
3. Leonard Trush.
4. Joseph Emde.
5. Angela Bramham
6. Dani Haley
7. All witnesses identified by Plaintiff

### Potential Rebuttal Witness

1. Virgil Nixon

## IV. EXPECTED TRIAL EXHIBIT LIST

1. Deposition of Plaintiff Hesham Ismail with exhibits.
2. Plaintiffs Answers to Interrogatories
3. Various emails from Hesham Ismail regarding refusal to perform necessary tasks pursuant to his job description and instructions by superiors.
4. Email string where Plaintiff's name is misspelled including apology from F. McMenamin
5. Email where IPSC agreed to Plaintiff's request to receive his IPSC 401K contribution in cash. D-163.
6. IPSC Employee Handbook
7. Plaintiffs signed acknowledgment of receipt of the Handbook and the Code of Conduct, Bribery and Harassment Policy. D-3
8. Plaintiffs emails from December 14, 2018 to after his separation from employment on February 21, 2019 and all responses by IPSC personnel

9. Leonard Trush's February 7, 2019 Complaint concerning Plaintiff with supporting documentation

10. Michael Petticord's response to Angela Bramham's request for information about Plaintiff's behavior as raised by Leonard Trush.

11. Leonard Trush's email of February 21, 2009 with attachments Re: Plaintiff's continuing insubordination and erratic behavior.

12. Email re: decision to meet with Plaintiff to discuss corrective action.

13. Complaint, *Ismail v. Dominion Energy*, 2:19-CV-01093

14. Complaint, *Ismail* v *McDermott International*, 3:19-CV-01305

15. Complaint, *Ismail v. DS Smith*, 5:18-CV-02881

16. January 31, 2019 email from Joseph Emde to Michael Petticord

17. Any of Plaintiff's documents produced during discovery.

18. Any of Defendants' documents produced during discovery.

19. All exhibits identified by Plaintiff.

## V. OBJECTIONS

Defendants object to Plaintiff's Proposed Jury Instructions on punitive damages. There is a total lack of evidence to support submitting punitive damages to the jury.

Defendants reserve the right to object after receiving any updated Plaintiff's proposals.

## VI. SPECIAL COMMENTS ON LEGAL ISSUES

Plaintiff has brought a Pennsylvania Human Relations Act claim against the 4 individual defendants. There can be no claims against the individual under Title VII which does not allow for individual liability. *Dici v. Commonwealth of PA*, 91 F.3d 542, 552, (3d Cir.1996), *Sheridan v. E.I. Dupont de Nemours*, 100 F.3d 1061, 1077 (3d Cir. 1996). The Pennsylvania Human Relations Act allows for individual liability against "any person,…[who] aid[s], abet[s], incite[s], compel[s] or coerce[s] the doing of any act declared by this section to be an unlawful discriminatory practice . . . ." 43 Pa. Stat. Ann. § 955(e). It is actionable only where a plaintiff can show that a "supervisory employee ... 'knew or should have known that the

[p]laintiff was being subjected to harassment' but 'repeatedly refused to take action to end the harassment directed at [the plaintiff].'" *Rosh v. Gold Standard Café at Penn, Inc.*, 2016 U.S. Dist. LEXIS 175592 at *7 (E.D. Pa. Dec. 19, 2016). Mere conclusory and non-specific allegations of aiding and abetting are insufficient. *Miles v. City of Phila.*, 2013 WL 125186, at *8 (E.D. Pa. 2013), *cited in Jeannot v. Philadelphia Hous. Auth.,* 356 F. Supp. 3d 440, 449 (E.D. Pa. 2018).

There is no right to a jury trial for claims arising under the PHRA. *Wertz v. Chapman Twp*., 741 A.2d 1272 (Pa. 1999). While the Title VII and PHRA parallel claims for discrimination and hostile work environment will be submitted to the jury since the proofs and damages are identical under both laws, it is respectfully requested that the court, not the jury, determine if the requirements for aiding and abetting liability have been met by Plaintiff against any individual Defendant at the close of the Plaintiff's case. Of course, none of the individual Defendants can be liable for aiding and abetting unless there is a primary violation of the PHRA. *Elmarakaby Wyeth Pharmaceuticals, Inc.*, 2015 WL 1456686, at *9 (E.D. Pa. 2015). Therefore, should the court dismiss the counts of discrimination against Defendant IPSC, all claims against the individuals must also be dismissed.

## VII. ESTIMATED LENGTH OF TRIAL

Defendants estimate this trial will last approximately five trial days after jury selection.

Respectfully submitted,

**SWEENEY & SHEEHAN, P.C.**

By: *Barbara A. O'Connell*
Barbara A. O'Connell, Esquire
Attorney for Defendants

Dated:       October 3, 2022

# CERTIFICATE OF SERVICE

I, Barbara A. O'Connell, Esquire, hereby certify that on this 3rd day of October, 2022, I caused a true and correct copy of Defendants' Pretrial Memorandum, to be served upon all counsel of record, via the Court's Electronic Filing and Notification System.

SWEENEY & SHEEHAN, P.C.

By: _/s/ Barbara A. O'Connell_
Barbara A. O'Connell, Esquire
Attorney for Defendants