**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

HESHAM ISMAIL,

               Plaint

    iffs, v.

  IHI POWER SERVICES
CORP.,       MICHAEL
PETTICORD, and KYLE
ADLER

            Defendants.

Civil Action No.
2:20-CV-04801

**Memorandum of Law in Support
of Plaintiff's Motion for an
Award of Reasonable
Attorneys' Fees and Costs**

## Table of Contents

**Table of Authorities** ........................................ ii

**Introduction** ................................................ 1

**Legal Standard** .............................................. 3

**Legal Argument** .............................................. 4


**POINT I**

THE PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES BECAUSE HE IS THE
PREVAILING PARTY DESPITE NOT PREVAILING ON EVERY COUNT OF THE
COMPLAINT ...................................................... 4

**POINT II**

PLAINTIFF IS ENTITLED TO THE COSTS AND ATTORNEY'S FEES UNDER TITLE
VII      BECAUSE      THE      FEES      ARE      REASONABLE
................................................................ 7


**CONCLUSION** .................................................. 16

**Table of Authorities**

**Cases**

Certain v. Potter,
    330 F.Supp.2d 576 (M.D.N.C. 2004) .................... 5, 6

Cioff v. New York Community Bank,
    465 F.Supp.2d 202 (E.D.N.Y. 2006) ....................... 6

Cnty of Morris v. Nationalist Movement,
    273 F.3d 527, 535 (3d Cir. 2001) ....................... 3

Curtis v. Bill Hanna Ford, Inc.,
    822 F.2d 549 (5th Cir. 1989) .......................... 10

Haines v. Forbes Rd. Sch. Dist.,
    2010 U.S. Dist. LEXIS 288, *13-14 (M.D. Pa. Jan. 5, 2010).8

Hensley v. Eckerhart,
    461 U.S. 424, 433 (1983) ..................... 3, 5, 7, 8

In re Rite Aid Corp. Sec. Litig.,
    396 F.3d 294, 299 (3d Cir. 2005) ....................... 3

Independent Fed'n of Flight Attendants v. Zipes,
    491 U.S. 754, 761 (1989) ............................... 4

Interfaith Community Organization v. Honeywell,
    426 F.3d 694, 711 (3d Cir. 2005) ....................... 7

Keenan v. City of Philadelphia,
    983 F.2d 459, 473 (3d Cir. 1992) ....................... 9

Loughner v. University of Pittsburgh,
    260 F.3d 173, 177 (3d Cir. 1995) ....................... 7

Moravian Associates, L.P. v. Henderson Corp.,
    2008 WL 4527854, *1 (E.D. Pa. Oct. 6, 2008) ............ 7

Newman v. Piggie Park Enterprises, Inc.,
    390 U.S. 400, 402 (1968) ............................... 4

Passantino v. Johnson & Johnson Consumer Products, Inc.,
    212 F.3d 493 (9th Cir. 2000) ........................... 5

Pennsylvania v. Deleware Valley Citizens' Counsel,
    478 U.S. 546, 565 (1986) ............................ 8, 15

Planned Parenthood v. Attorney General of State of New Jersey,
    297 F.3d 253, 265 (3d Cir. 2002) ........................ 7

Potence v. Hazelton Area School District,
    357 F.3d 366, 374 (3d Cir. 2004) ........................ 7

Public Interest Research Group of New Jersey, Inc. v. Windal,
    51 F.3d 1179, 1190 (3d Cir. 1995) ....................... 8

Raab v. City of Ocean City,
    833 F.3d 286, 2016 U.S. App. LEXIS 14935 (3d Cir. 2016) . 3

Rode v. Dellarciprete,
    892 F.2d 1177, 1183 (3d Cir. 1990) ................... 7, 8

Truesdale v. Phila. Housing Auth.,
    290 F.3d 159, 163 (3d Cir. 2002) ........................ 3

Washington v. Phildealphia County Court of Common Pleas,
    89 F.3d 1031, 1038 (3d Cir. 1996) ....................... 9

Watcher v. Pottsville Area Emergency  Medical Services, Inc.,
    559 F.Supp.2d 516, 521 (M.D. Pa. 2008) ................. 4

**Federal statutes**

42 U.S.C. § 2000e-5(K) ............................ 1, 3, 4, 5

**State Statutes**

43 P.S. § 962 ........................................ 1, 3, 4

## Introduction

Pursuant to 42 <u>U.S.C.</u> § 2000e-5(K), and 43 <u>P.S.</u> § 962, Plaintiff Hesham Ismail respectfully seeks reimbursement for attorneys' fees and out-of- pocket costs incurred by Plaintiff's counsel in successfully achieving a verdict in this matter.

On July 15, 2019, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), which was docketed as PHRC Charge No. 2019-01829, alleging discrimination, retaliation and wrongful discharge from his employment due to the actions of Defendants, and dual filed with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 17F-2020-60784.  On September 30, 2020, Plaintiff filed his complaint. After over two years of litigation and discovery, this case was tried by a jury with Hon. Anita Brody presiding; and on November 15, 2022, the jury rendered a verdict in favor of Plaintiff finding that Defendants had intentionally harassed him based on his protected class of national origin and/or race and/or religion and that Defendants retaliated against him for making good faith complaints of national origin and/or race and/or religious discrimination.  The jury did not find that his national origin and/or race and/or religion was a motivating factor for his termination.  The jury awarded compensatory damages in the amount of $40,000 and back pay in the amount of $111,837.37.

On November 22, 2022 the Court entered judgment for Plaintiff as to liability on the hostile work environment and retaliation

1

claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and individual liability as against Michael Petticord and Kyle Adler under the Pennsylvania Human Relations Act ("PHRA").

Plaintiff now brings this motion because Fed. R. Civ. P. 54(d)(2)(B) requires that any motion for attorneys' fees and costs "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Rule 54(a) defines "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The pending motion is timely because a Motion to Extend was granted on November 30, 2022 extending the timeframe to file the fee application until December 5, 2022.

Having prevailed on his claims, Plaintiff now seeks an award of reasonable attorneys' fees in the amount of $$26,571.50 and costs in the amount of $5229.39, which are supported by the accompanying declarations and time sheets (Exhibits A and B).

**Legal Standard**

Title VII of the Civil Rights Act of 1964, 42 <u>U.S.C.</u> § 2000e-5(k) (hereinafter "Title VII") and the Pennsylvania Human Relations Act, 43 <u>P.S.</u> § 962(C)(4) (hereinafter "PHRA"), allows a district court to award reasonable attorney's fees to the prevailing party plus litigation costs. Indeed, an award of counsel fees is the rule and not the exception for the prevailing plaintiff in employment discrimination litigation brought under Title VII and the PHRA. <u>See Raab v. City of Ocean City</u>, 833 <u>F.3d</u> 286, 2016 U.S. App. LEXIS 14935 (3d Cir. 2016) (<u>Citing Truesdale v. Phila. Housing Auth.</u>, 290 <u>F.3d</u> 159, 163 (3d Cir. 2002)(<u>Quoting Hensley v. Eckerhart</u>, 461 <u>U.S.</u> 424, 433 (1983))); <u>See also Cnty of Morris v. Nationalist Movement</u>, 273 <u>F.3d</u> 527, 535 (3d Cir. 2001)(Holding that normally a "prevailing plaintiff should recover an award of attorney's fees absent special circumstances"). <u>In re Rite Aid Corp. Sec. Litig.</u>, 396 <u>F.3d</u> 294, 299 (3d Cir. 2005) ("[t]he amount of a fee award … is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous.").

**Legal Argument**

**Point I**

**THE PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES BECAUSE HE IS THE PREVAILING PARTY DESPITE NOT PREVAILING ON EVERY COUNT OF THE COMPLAINT.**

The relevant text of Title VII reads as follows:

> § 2000e-5. Enforcement Provisions.
> (a) through (j)[omitted]
> (K) Attorney's fee, liability of commission and United States for costs.
>
> In any action or proceeding under this title [42 U.S.C.A. § 2000e-5(K) et seq.] the court, in its discretion, may allow the prevailing party, other than the commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the commission of the United States shall be liable for costs the same as a private person. [42 U.S.C. § 2000e-5(k).]

Under the PHRA, the attorney's fee provision is as follows:

> (c.2) If, after a trial held pursuant to subsection (c), the court of common pleas finds that a defendant engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the court may award attorney fees and costs to the prevailing party. [43 P.S. § 962(c)(4)(c.2).]

Watcher v. Pottsville Area Emergency Medical Services, Inc., 559 F.Supp.2d 516, 521 (M.D. Pa. 2008)(internal citations in original)(Awarding attorney's fees in PHRA suit after consideration of any objections raised as to the fees sought).

Pursuant to these sections, a prevailing party is entitled to recover its reasonable attorney's fees unless special circumstances would render such an award unjust. Independent Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989); Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968). A "prevailing

4

party" is one that "succeed[ed] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." Hensley, supra, 461 U.S. at 433.

For example, in Hensley, supra, 461 U.S. 424, 434 (1983) the plaintiff was deemed to have prevailed for purposes of an attorney's fees award under 42 U.S.C. § 2000e-5(k), yet he did not prevail in each of his individual claims for relief. In Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493 (9th Cir. 2000), a plaintiff prevailed on her federal Title VII retaliation claims at trial but did not prevail on her federal Title VII discrimination claims. Passantino, supra, 212 F.3d at 517-18. The court of appeals in Passantino, supra, easily rejected defendant's arguments that the attorney's fees should have been reduced for limited success, nothing that were "inextricably intertwined." Id. at 518. Similarly, an employee was a prevailing party for purposes of attorney fees award under Title VII where a jury rendered a verdict against the employee on her sexual harassment claim and $25,000.00 damages in compensatory damages on her retaliation claims was a "prevailing party" for purposes of attorney's fees under Title VII. Certain v. Potter, 330 F.Supp.2d 576 (M.D.N.C. 2004).

Here, Plaintiff, Hesham Ismail (hereinafter "Plaintiff"), is still the prevailing party in this case even though he did not prevail against defendants on all of his legal theories. As discussed, supra, Plaintiff did not need to prevail on every single one of his claims in order to be entitled to attorney's fees. See e.g., Hensley, supra, 461 U.S. at 434; Passatino, supra, 212 F.3d

at 493; Cioff v. New York Community Bank, 465 F.Supp.2d 202 (E.D.N.Y. 2006); Certain, supra, 330 F.Supp.2d at 576. Like the plaintiffs in those cases, Plaintiff prevailed on the issue of retaliation. Plaintiff also was successful on the hostile work environment claim. Finally, he was successful under the PHRC for individually liability as against Michael Petticord and Kyle Adler. His claim of discrimination was factually linked to his retaliation and hostile work environment claim. His claims of discrimination, formed the nucleus of his retaliation claim and hostile work environment claim. In order for the jury to determine that Plaintiff engaged in protected conduct, the jury necessarily had to determine that he had a good faith belief in his claims of discrimination. Likewise, in order to for the jury to find in his favor for the hostile work environment claim they needed to find that he was subject to a hostile work environment based on being part of a protected class. The jury's finding was consistent; the jury simply found that the reason for Mr. Ismail's termination was that he was retaliated against rather than due to his national origin, race, or religion. The jury's decision to find that his protected status was not a motivating factor in his termination does not change the fact that the jury found that Plaintiff was discriminated against in that he was harassed based on his protected class and then terminated for making good faith complaints about the harassment. Further, the jury did not award a nominal sum. Rather, the jury awarded $111,837.37 in back pay and $40,000.00 in compensatory

damages. Consequently, Plaintiff is the prevailing party in this litigation.

**Point II**

**PLAINTIFF IS ENTITLED TO THE COSTS AND ATTORNEY'S FEES UNDER TITLE VII BECAUSE THE FEES ARE REASONABLE.**

Despite the literal language of Title VII "[a] prevailing party...is not automatically entitled to compensation for all the time its attorneys spent working the case." Interfaith Community Organization v. Honeywell, 426 F.3d 694, 711 (3d Cir. 2005). The party seeking attorney's fees has the burden to prove that its request is reasonable and must therefore submit evidence to support the hours and must therefore submit evidence to support the hours and billing rates it claims. Potence v. Hazelton Area School District, 357 F.3d 366, 374 (3d Cir. 2004) (Citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). In determining the reasonableness of attorney's fees, oftentimes courts use the lodestar approach – to determine the presumptively reasonable fee. Moravian Associates, L.P. v. Henderson Corp., 2008 WL 4527854, *1 (E.D. Pa. Oct. 6, 2008) (Joyner, J.) (Citing Planned Parenthood v. Attorney General of State of New Jersey, 297 F.3d 253, 265 (3d Cir. 2002); Hensley, supra, 461 U.S. at 424 and Loughner v. University of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 1995)). The Third Circuit will only review the reasonableness of such a fee award for an abuse of discretion. Rode, supra, 892 F.2d at 1182. A petition must be "fairly definite...as to hours devoted to general activities, e.g., pretrial discovery, settlement negotiations...However, it is not necessary to know the exact number of minutes spent nor the

precise activity to which each hour was devoted." Id. at 1037-38 (Citing Rode, supra, 892 F.2d at 1190)). There is no requirement "that records be kept by task – e.g., for each motion, issue or part of the case." Id. at 1038. Once the fee applicant's burden is satisfied, this amount is presumed to be reasonable, it is then that "the burden shifts to the party opposing the fee award to challenge the reasonableness." Rode, supra, 892 F.2d at 1183; Pennsylvania v. Deleware Valley Citizens' Counsel, 478 U.S. 546, 565 (1986). Where there is a lodestar challenge, the court should engage in a "thorough and searching analysis" to determine whether the time the opponent identifies as unreasonable is truly, as the opponent must show, "excessive, redundant, or otherwise unnecessary." Hensley, supra, 461 U.S. at 434; Public Interest Research Group of New Jersey, Inc. v. Windal, 51 F.3d 1179, 1190 (3d Cir. 1995). The award is not to turn into litigation. The court is not required to engage an audit. The task of the court merely by rough justice determine the award. A court should not decrease the fee award for reasons that have not been raised by the opposing party. Rode, supra, 892 F.2d at 1183; See also Honeywell Intern., Inc., supra, 426 F.3d at 711; Haines v. Forbes Rd. Sch. Dist., 2010 U.S. Dist. LEXIS 288, *13-14 (M.D. Pa. Jan. 5, 2010).

Indeed, when determining the fee, whether to increase or decrease it, there are factors to consider: the factors are:

> (1.) The time and labor required; (2.) The novelty and difficulty of the questions; (3.) The skill requisite to perform the legal service properly; (4.) The preclusion of employment by the attorney due to acceptance of the cases; (5.) the customary fee; (6.)

Whether the fee is fixed or contingent; (7.) Time limitations imposed by the client or the circumstances; (8.) The amount involved and the results obtained; (9.) The experience, reputation, and ability of the attorneys; (10.) The "undesirability" of the case; (11.) The nature and length of the professional relationship with the client; and (12.) Awards in similar cases. [Id. at 13-14.]

Here, all factors weigh favorably for a full if not increased award to Plaintiff's counsel. Starting with **factor one**. The time and labor factor. Where the minimal time is used to litigate a case, the full rate is used. Here, this case lasted over 2 years. The time used to prevail was divided between five attorneys. The time all five attorneys spent on the file is and was necessary. Scott Johnson filed the PHRC and assisted in filing the complaint; Brian Doyle filed the complaint and defended against the Summary Judgment Motion and addressed discovery including interrogatories and depositions; Briana Pearson dealt with the pre-trial issues; and Briana Pearson and Kathleen Redpath-Perez tried the matter. The time of all five attorneys is reasonable for an employment discrimination case of this complexity. A total of 674.29 hours was spent by the five attorneys from start to finish for litigation that took over 2 years and included necessary pre-litigation work. This is reflected on Exhibit A, which shows the records of attorneys working on the file and the hourly amount of each individual who worked on Plaintiff's case. The Law Offices of Eric A. Shore, PC did not charge for time spent after the office withdrew from representing him on the PHRC or for time spent after trial or this fee application.  The excel documents (Exhibits A and B) along with

9

the certifications (Exhibits C-F) are sufficient evidence of the
Law Office of Eric Shore, LLC's attorney's fees incurred in this
case. See Washington v. Phildealphia County Court of Common Pleas,
89 F.3d 1031, 1038 (3d Cir. 1996) ("[C]omputer – generated of time
spent by [the] attorney" can meet the specificity requirement for
establishing attorney's fees.") (Quoting Keenan v. City of
Philadelphia, 983 F.2d 459, 473 (3d Cir. 1992)). The entries show
the dates the services were provided and also show a description
of the services provided. The legal services to Plaintiff began in
March of 2019 as reflected on Exhibit A. Even though this legal
representation began before he filed suit on or about September
30, 2020, these legal services were necessary to Plaintiff's case.
These time entries were required to bring Plaintiff's Complaint
through the EEOC's administrative proceedings prior to filing
Plaintiff's Complaint in Federal Court. Legal services such as
these, which are incurred representing a client before the EEOC
and related state agencies, can be compensable time. See e.g.,
Curtis v. Bill Hanna Ford, Inc., 822 F.2d 549 (5th Cir. 1989)
(Holding that counsel's time related to representing client before
EEOC is compensable under Title VII). Consequently, these time
entries are valid and reasonably necessary to Plaintiff's lawsuit.
Looking at the time entries in greater detail, Exhibit A, shows
that Plaintiff engaged the service of the Law Office of Eric A.
Shore, P.C. to begin advising him and preparing his EEOC Complaint
in March of 2019. The time entries show that the Law Office of Eric
A. Shore, P.C. prepared of the EEOC Complaint and any amendments.

After the filing of his Complaint, the time entries show that counsel engaged in the usual pre-trial practice necessary to bringing Plaintiff's claim. Counsel attended pre-trial conferences, engaged in discovery, took depositions of witnesses expected to be called at trial, and reviewed documents supplied by Defendants in discovery.  The firm did not bill for time that was incurred during the time the firm did not represent Plaintiff regarding the herein matter or approximately October of 2019 to June of 2020.  Time entries from the Fall of 2022 to the present show that counsel began trial preparation of this case for the trial listed on November 7, 2022. Counsel tried Plaintiff's case from November 7, 2022 to November 15, 2022.  Although the length of the trial was longer than the Court anticipated, the length was necessary because of the extremely detailed nature of the emails that were the most critical pieces of evidence in the case.  The emails by Plaintiff were so dense that it was clear that even by the time of trial, some three and a half years, the Defendants had still not found the time or patience to read those emails.  Based on the jury's questions and requests for evidence, the tedious nature of the questioning was effective and the jury understood fully what the emails said. Based on the foregoing, counsel did not engage in unwarranted or unnecessary presentation of evidence or work in general to prepare the case. All of the time entries were related to Plaintiff's Complaint regarding discrimination, hostile work environment, and retaliation. All of the time entries are detailed and were necessary to present all of Plaintiff's claims to the

11

jury. The undersigned time commitment to this case was necessary because of how late counsel was asked to assist in the matter. Counsel set side her own personal health and other responsibilities outside and inside of work in order to be prepared to try the case successfully. Accordingly, this Court must find that counsel's time entries accurately evidence the nature of the work provided and the time spent on this case.

The **second** factor also weighs in Plaintiff's favor. This factor is the novelty and difficulty of the question factor. The complexity of the issues is reflected in the dispositive motions that were filed. This was not a run of the mill discrimination case as there was an added wrinkle with the issue created by the acquisition of one company by another, and the fact that Plaintiff made his Complaints while employed by the old company. Additionally, Plaintiff had filed many other lawsuits and/or complaints against other employers.

Factor **three**. The skill requisite to perform the legal services properly. Here, the skill of the attorneys at the firm and that worked on the file is high and was needed because Defendants' counsel was very experienced and also had the case since the inception. The undersigned counsel became involved in this case on the literal eve of trial. There had been no motions-in-limine filed prior to trial and counsel had to use her strong command of the Rules of Evidence to fight evidentiary issues after the trial had already started. The undersigned counsel had to rework the exhibits as the original exhibits submitted contained

thousands of pages of discovery that were not organized. Unfortunately, there were some errors in the new presentation of the binders which was due to the haste in which the changes had to be made. The undersigned counsel had scanned each page individually to ensure they were in order but there were errors during the printing process which did not involve the attorneys (again due to haste) that were later corrected by the undersigned personally ordering Staples binders.  The final binders did not have tabs but the Court should be assured that the efforts of counsel in preparing this matter were extreme with the undersigned counsel sleeping less than 2 hours typically and working 24 hours straight the night before the closing.  Defense counsel also twice presented a 50a brief at the same time she argued the motion necessitating that counsel think quickly on her feet. There were also issues related to jury charges that had to be briefed on short order during trial. Thus, factor three weighs in Plaintiff's favor.

Factor **four**. The preclusion of employment by the attorney due to the acceptance of the case. This a real factor in this case and generally so for such a small law firm like the Law Offices of Eric A. Shore, PC. In this case, counsel set aside all responsibilities to dedicate fully to the trial. All of the necessary work required the Law Offices of Eric A. Shore, PC to turn down work so as to focus primarily on the representation of Plaintiff.  Thus, this factor weighs in favor of Plaintiff.

Factor **five**. The customary fee. Plaintiff counsel's rates are in accord with the rates in the Philadelphia Metropolitan area.

The rates were individually determined based on the experience level of the attorney and the prevailing market rate. See Exhibit A (Attorney/staff Billing invoice) and Exhibit D (Affidavit of Richard Swartz, Esq.) Accordingly, factor five weighs in favor of Plaintiff for the award he requests.

Factor **six**. Whether the fee is fixed or contingent. Here, the fee is contingent.  The Law Offices of Eric A. Shore, PC took all the risk in preparing this case for trial. The firm could have very well been unsuccessful which would have led to a total recovery of zero and  a tremendous loss to the firm financially given the firm's significant investment.

Factor **seven**. Time limitations imposed by the client or circumstances. Employment matters of the nature implicated here must be filed within 2 years after filing with the PHRC.  The PHRC issues a right to sue letter which means suit must be filed within 90 days in federal court.  There is limited time allotted to try a matter.  The client wanted a swift victory.  This factor weighs in favor of Plaintiff.

Factor **eight**. The amount involved and the results obtained. Here, Plaintiff was out of work for nearly a year.  He suffered a loss of income of approximately $65,000.  The total invested for trial is over a quarter of a million dollars. Plaintiff recovered more than he lost in that the judgment issued was over $150,000.00. For Plaintiff, however, the damage to him was far greater than a monetary judgment can achieve which is why he wants to give back and donate his judgment.  Specifically, Plaintiff wants his entire

14

judgment donated to World Food Program USA.  Plaintiff has informed
opposing counsel directly that he wants the check written to the
charity mailed to him to ensure that it is delivered to the rightful
party.  The undersigned counsel has also advised opposing counsel
that he wants the defense to calculate the tax credit Defendants
will receive and for the Defendants to add that amount to the total
check to charity. Plaintiff has specifically requested that notice
be provided in this fee application of same. Moreover, Plaintiff's
desire to "pay it forward" is meant to be an indication that this
case was about much more than a dollar amount.  The jury found that
Plaintiff was harassed based on his protected class and retaliated
against for making good faith complaints of discrimination.  One
of the Defendants' employees who was part of the scheme to harass
Plaintiff even called Plaintiff, an Arab Muslim, a "ticking time
bomb."  The result for Plaintiff in this matter can only described
as excellent. Plaintiff was more than compensated for his actual
financial losses and a judgment has been entered against Defendants
for their discriminatory and retaliatory actions.  Ergo, factor
eight weighs in Plaintiff's favor.

Next, factor **nine**. The experience, reputation, and ability of
the attorneys. The experience, reputation, and the ability of the
attorneys is detailed in the certifications attached (See Exhibits
C, D, E, and F).

Next, regarding factor **ten**, the "undesirability" of the case,
this factor absolutely weighs in favor of this fee application,
perhaps more than any other factor.  Plaintiff had many pending

lawsuits and/or EEOC complaints at the time he came to the Law Offices of Eric A. Shore, P.C. In fact, no one wanted Plaintiff's case given the number of lawsuits he had filed and/or other complaints against employers. The Law Offices of Eric A. Shore, P.C. should be commended for seeing past what other firms would see as a red flag in signing up a client and identifying the merits of Plaintiff's case despite concerns other firms possessed. While this firm did withdraw after filing the PHRC and later tried to withdraw again, the fact of the matter is that the firm re-engaged with Plaintiff and zealously advocated for his victory at trial. The circumstances present in the case were difficult but the firm ultimately stood by the court's order and Mr. Ismail.

Next, factor **eleven**, "the nature and length of the professional relationship with the client," the Law Offices of Eric A. Shore, PC represented Plaintiff from a month after he was terminated or some three and a half years ago with a short interruption of a few months in 2020 or a total of 44 months. While the undersigned counsel only became involved in trial about a week before trial commenced, Exhibit A details the exorbitant amount of time spent speaking to Plaintiff during trial. There were only generally many emails and other conversations the firm's other attorneys had with Plaintiff over the course of their representation of him.

Finally, factor **twelve** weighs in favor of Plaintiff as the undersigned counsel as the billing performed by the attorneys in this matter is lower than some other bills submitted (See McGuffey

16

v. Brink's, Inc., 598 F. Supp. 2d 659 where the total bill submitted was $438,520.00 for attorney's fees).

Finally, it is requested that a multiplier be awarded with an upward adjustment of thirty-five percent. While recognizing that "[t]he party seeking adjustment has the burden of proving that an adjustment is necessary" because it is presumed that the Lodestar is reasonable, Plaintiff is asking for a multiplier given the specific circumstances present in this case. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990).Plaintiff is entitled to an upward adjustment as, similar to cases taken on contingent basis counsel risked non-payment. The Supreme Court case of Delaware Valley Citizens' Council For Clean Air, supra, 483 U.S. at 711, which held that contingent claims receive a premium risk of non-payment, and thus, in the absence of a contingency enhancement a plaintiff would experience substantial difficulty in obtaining counsel, supports an enhancement. A multiplier should especially be ordered in this case given factor ten.

Accordingly, Plaintiff submits the hours worked and the rate sought are reasonable and should be approved in toto.

17

**Conclusion**

   For all the foregoing reasons, the Court should enter an order awarding the Plaintiff's the requested fees and costs sought to the Law Office of Eric Shore, LLC.

         Respectfully submitted,

         **LAW OFFICE OF ERIC A. SHORE**

         */s/ Kathleen Redpath-Perez Esquire*
         Kathleen Redpath-Perez
Dated: <u>December 5, 2022</u>   *Attorneys for Plaintiff*

18