Attn: Clerk of Court
United States District Court
601 Market Street
Philadelphia, PA 19106

Case#: 20-4801

Dear Mr. George V. Wylesol,

In 2022, I won a jury trial for case 20-4801 and received an award of $150K. Since we had established in trial that it was important to me that this award be donated to charity, the defense illegally and spitefully refused to process the tax document using the charity name but issued the award directly to me "Hesham Ismail" resulting in a significant portion being taxed despite going to a tax free charity. I then filed motion ECF 93 to the court for a legally valid payment requesting that the award be paid to the "UN World Food Program" instead of myself so that the full amount can go to people in need. I have attached the page of the motion highlighting the reference to the UN World Food Program. That request was GRANTED per ECF 95. Since the defense was not acting in good faith, the Judge required the defense to give the money to the court so that the award would be paid out correctly. However, when I submitted the form AO-213P citing the UN World Food Program per the granted motion, the US District Court financial manager John Bullock went to the judge's chambers and asked for guidance since the recipient entity was not the plaintiff. Despite the granted motion clearly citing the UN World Food Program as the desired recipient and ruling on this matter, due to the absence of the presiding Judge Anita Brody, a different judge who had not read the motion changed the order to myself "Hesham Ismail" instead of the UN World Food Program. After months of unsuccessfully trying to get the financial manager to honor the original court order, I went to the court and meet with Chief Deputy Clerk of the Court Timothy O'Hora. Mr. O'Hora stated that my granted motion EFC 93 should have allowed the award to go to the UN World Food program but that his hands were tied since the new Judge's order reversed ECF 95. However, he notified me that Judge Anita Brody was back from her absence and I could reach out to her to reinstate ECF 95 so that the award can be given to charity. In March, I filed a new motion (ECF 101) to reinstate ECF 95 and it clearly 100% cites the UN World Food Program as the recipient of the award (See attached). The Judge formally responded with the attached order acknowledging that my request to have the award paid to the UN World Food Program was already resolved and "moot" since it was already decided in ECF 95 which is restated in this order

(ECF 102). Therefore, now that ECF 95 is reinstated per Mr. O'Hare's request, I kindly ask that my award be given to the charity identified in the ECF 93 and ECF 101 and by processing the attached AO-213P giving my award away to the UN World Food Program due to the urgent suffering and humanitarian need. Please send me the check to the below address to confirm that the full amount is paid out and I will mail to the UN World Food Program myself. If there are any additional questions, please feel free to reach out to me. Thank you and God Bless.


*Hesham Ismail*     4/5/2024

Hesham Ismail
19 15th Street
Burlington, NJ 08016
609-251-8872
hesham.i@hotmail.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HESHAM ISMAIL | CIVIL ACTION |
| V. | |
| IHI POWER SERVICES CORP, MICHAEL PETTICORD, FRANCIS MCMENAMIN, KYLE ADLER, AND STEVE GROSS | NO. 2:20-CV-04801-AB |

## MOTION FOR LEGALLY VALID PAYMENT

### I. BACKGROUND

On November 16, 2022, the plaintiff Hesham Ismail won a jury verdict against the defendants for $150K. As with all legally valid payments, they must all be processed using valid tax documents. The defendants were obligated to process the payment using a W9 tax identification form. Instead, they issued payment using a 2018 W4 tax document form when the plaintiff was an employee of the defendant. The W4 tax document is legally invalid since it only applies to active employees. The plaintiff was not an active employee since 2019 and the W4 document is thereby invalid for 2023 tax purposes. For 2023 payments to a non-employee, the appropriate tax document is a W9. In addition to using the wrong tax document, the W4 shows that the plaintiff lives in Pennsylvania. However, the plaintiff currently lives in New Jersey. By using an outdated document, the defendants are paying state/local taxes to the wrong state. The plaintiff told his representatives at the time, the Law firm of Eric Shore, that refused to accept the payment until they pay it out based on the correct tax document. This was primarily because the plaintiff made it clear before trial that he intended to have the full amount paid to a humanitarian charity called the UN World Food Program. The judge acknowledged the plaintiff's request before trial and ordered that he does not bring it up during trial. By paying the amount directly to the charity, the full amount would be received by the charity since it is a tax free 501(c)(3) organization. This is allowed by the W9 tax document that allows the recipient of the payment to designate any legal entity desired to receive payment. However, knowing that this was something that the plaintiff really wanted, the defense acted very spitefully due to their loss to the plaintiff by refusing to process the W9 (Exhibit 1) and issuing payment based on the invalid 2018 tax document and paying taxes to the wrong state. When the plaintiff required his law firm to mandate that the defense pay the legal funds correctly,

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HESHAM ISMAIL | CIVIL ACTION
|
V. |
|
IHI POWER SERVICES CORP, MICHAEL |
PETTICORD, FRANCIS MCMENAMIN, |
KYLE ADLER, AND STEVE GROSS | NO. 2:20-CV-04801-AB

## MOTION TO REINSTATE JUDGE BRODY PRIOR ORDER (ECF No. 95)

## I. BACKGROUND

On August 24 2023, Judge Brody issued ECF No. 95 granting a motion that requested that the plaintiff award be paid in full in a legally valid manner so that it can go to the tax exempt charity specifically identified as the UN World Food Program instead of a taxed partial payment to the plaintiff personally. Judge Brody required that the defendant pay the court and the court would issue the payment. When the defendants provided the full payment to the court, the plaintiff submitted the appropriate tax document to have the full amount paid to the UN World Food Program. The court financial Manager John Bullock, unaware of the contents of the granted motion, reached out to the Judge's chamber for clarification since the award was being paid to a different entity than the plaintiff. Although the granted motion clearly cites the "UN World Food Program" as the recipient of the award, due to the absence of Judge Brody, a different judge reversed Judge Brody's prior order making the funds only payable to the plaintiff personally. This resulted in the same partial payment situation prior to the granted motion. The plaintiff only wants the taxed portion of the award, which amounts of nearly $50K, to go to those in need as opposed to being incorrectly spent on taxes when the full amount is going to a tax free cause. When plaintiff reached out to Mr. Walton to clarify the contents of the granted motion, Mr. Walton stated that plaintiff must wait until Judge Brody returns to address this matter. Due to the uncertainty of when Judge Brody would return, plaintiff resubmitted tax document using his name as required by the new order but using the tax/bank deposit information of the charity to ensure that the full amount goes to charity. Should there have been any issues with the signed tax document with regards to the IRS, the plaintiff

was willing to accept the consequences. Again, the financial manager rejected this despite meeting the criteria of the latest order. The plaintiff went to the clerk's office to address this matter and meet Chief Deputy Clerk of the Court Timothy O'Hora. He informed the plaintiff that although the award should have initially been issued to the UN World Food program in compliance with the granted motion per ECF No 95, the following order by a different judge reversed Judge Brody's order and his hands were tied. Mr. O'Hora informed the plaintiff that Judge Brody had returned and would have to reinstate her order for the payment to be made in full to charity. On January 22 2024, Plaintiff sent a letter to judge Brody informing her of the situation and asked that she reinstate her prior order. Since this is a simple matter that has already been ruled upon, and since the order form was pre-written and provided, it should be an administrative matter that would be quickly signed since it does not require any new opinion or ruling. Due to the current urgency of the humanitarian situation in the world, plaintiff has made several follow up emails and even went to the judge's chambers in person to highlight the urgency. The plaintiff been assured that the judge is aware of the issue but as of today, this request to sign the provided order, which would only take a minute, has not been addressed. Therefore, to ensure that this informal request by letter is not ignored, plaintiff is submitting the request in an official motion.

## II. LEGAL ARGUMENT

This motion is to reinstate a motion that was already granted. Please see Judge Brody's prior legal opinion and order on this case.

## III. CONCLUSION

Please simply sign the attached unopposed order so that I can finally close this case.


Respectfully submitted,

*Hesham Ismail*

Hesham Ismail    03/28/2024
609-251-8872
19 15th Street
Burlington, NJ 08016

ECF 102

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HESHAM ISMAIL,<br>Plaintiff,<br><br>v.<br><br>IHI POWER SERVICES<br>CORP., et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br>No. 20-4801 |

## ORDER

**AND NOW**, this 3rd day of April, 2024, Plaintiff Hesham Ismail's "Motion to Reinstate Judge Brody Prior Order" (ECF No. 101) is **RESOLVED AS MOOT**, the Court having previously addressed Mr. Ismail's request. *See* ECF Nos. 95, 97, 99.

              s/ANITA B. BRODY, J.
              ANITA B. BRODY, J.

AO 213P (Rev. 5/22)

# REQUEST FOR PAYEE INFORMATION AND TIN CERTIFICATION

Refer to the instructions page for further information on completing this form. Vendors providing goods and services must use the AO 213 form.
*Note:* Typed forms and forms that include a populated Type of Vendor may result in more efficient and precise processing. **For handwritten forms, please see the General Instructions for the list of options for the Type of Vendor, Part 3 - SSN/EIN and Part 4 - U.S. Tax Classification, and Part 6 - Account Type drop down menus.

**Type of Payee:** Business Entity    Refund recipient only. Is the refund over $200?

**Part 1 Payee Information**
Line 1. Payee Name: Friends of the World Food Program, Inc.
Line 2. Additional payee information: *(if applicable)*

**Part 2 Business Name** *(if different from above)*
World Food Program USA

**Part 3** Enter your TIN in the appropriate box. The TIN provided must match the name given in Part 1, Line 1.
EIN: 13-3843435
SSN:

**Part 4** **Select the appropriate U.S. tax classification for person or entity listed in Part 1, Line 1.
Non-Profit Organization

**Part 5 Mailing Address** *(where payments, orders, and IRS 1099 forms, as applicable, will be sent)*
Street Address: 19 15th Street
City: Burlington    State: NJ    Zip code: 08016
Point of Contact *(if different from above)*:
Name: Hesham Ismail    Phone #: (609) 251-8872
Email: hesham.i@hotmail.com

**Part 6 Electronic Funds Transfer (EFT) Information (OPTIONAL)**
Owner(s) name appearing on bank account:
Bank Name:
**Select an Account Type:    Routing # (9 digits):
Account number *(do not include check number)*

**Part 7 Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number; and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest and dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined in the instructions).

The IRS does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Signature: *[signed]*    Date: 04/05/2024

*Sensitive information must be securely maintained and only visible to designated staff.*

Page 1 of 3

Hesham Ismail
19 15th Street
Burlington, NJ 08016

Mr. George V. Wylesol
Clerk of Court
U.S. District Court
601 Market Street
Philadelphia, PA 19106

U.S.M. X-RAY
RECEIVED APR - 8 2024
BY: _____

U.S. POSTAGE PAID
FCM LG ENV
CAMDEN, NJ 08105
APR 05, 2024
$1.63
R2305K136359-25
19106
Retail
RDC 99